NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0179n.06
Filed: March 9, 2005

No. 04-5262

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| S.S., a Minor, by and through his Parents and Next Friends, James and Carol Stutts, | ) ) ) | |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| EASTERN KENTUCKY UNIVERSITY; JACQUELINE VANCE, Individually and in her Official Capacity as Director of The Model Laboratory Middle School of Eastern Kentucky University; and ELLEN RINI, Individually and in her Official Capacity as School Psychologist of The Model Laboratory Middle School of Eastern Kentucky University. | ) ) ) ) ) ) ) ) ) ) | |

Before: MOORE and SUTTON, Circuit Judges; and CARMAN, Judge.*

PER CURIAM. The plaintiff in this case, S.S., began attending Eastern Kentucky University's Model Laboratory School (Model) as a sixth grader in the fall of 2000. The plaintiff suffers from cerebral palsy, dyslexia and severe anxiety-related disorders. As a student with special needs under the Individuals with Disabilities Education Act (IDEA), the plaintiff had an individualized education program (IEP) developed for him by Model, which lays out specific steps

_____

* The Honorable Gregory W. Carman, Judge for the United States Court of International Trade, sitting by designation.

that the school will take to improve a disabled student's behavior and learning. Shortly after beginning and throughout his time at Model (ending only with his voluntary departure from the school in 2003), plaintiff claims that he was subjected to physical and emotional abuse by his peers on a near daily basis and was also the subject of discrimination by Model's administrators and faculty. Over the course of his enrollment at Model, plaintiff further alleges, his parents had many meetings about the abuse with Jacqueline Vance (Model's director), Ellen Rini (Model's psychologist) and other faculty but were unable to persuade Model to take affirmative steps to protect him.

On January 16, 2003, plaintiff (through his parents) brought suit against Model, Vance and Rini. The defendants, plaintiff claimed, had collectively failed to protect him from harassment, physical abuse and discrimination by peers, teachers and school administrators. He alleged violations of the Americans with Disabilities Act (ADA), § 504 of the Rehabilitation Act, § 1983 (claiming violations of the equal protection clause and the IDEA) and state tort law. Plaintiff's ADA claim, for example, alleged that he "ha[d] been the subject of constant and pervasive harassment, physical abuse, and discrimination as a result of his numerous psychological and physical disabilities." JA 22. Plaintiff's equal protection claim alleged that the defendants' "reckless inactions ha[d] deprived [him] of his Fourteenth Amendment right to equal protection of the laws by treating him differently from other, non-disabled students, and by discriminating against him by reason of his disabilities." JA 34.

No. 04-5262
*S.S. v. Eastern Kentucky Univ., et al.*

After an initial period of discovery, the defendants moved for summary judgment, claiming that the IDEA required plaintiff to exhaust administrative procedures before filing suit. The district court accepted the defendants' argument on January 23, 2004, dismissing the federal claims without prejudice pending exhaustion of plaintiff's administrative remedies and declining for the time being to exercise supplemental jurisdiction over the state law claims.

After dismissal of the suit and during the pendency of this appeal, plaintiff filed a request for a due process hearing with the Kentucky Department of Education, thus beginning to exhaust his administrative procedures. A week before oral argument, this court received a Rule 28(j) citation of supplemental authorities from the plaintiff. That letter indicated that Kentucky's Exceptional Children Appeals Board issued a decision on February 9, 2005, addressing all of the plaintiff's claims. In accordance with the district court's order, plaintiff thus has now exhausted his claims.

In light of these developments, we dismiss this appeal as moot, vacate the decision of the district court, reinstate plaintiff's claims and remand for a merits determination on each of plaintiff's claims. *See, e.g.*, *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 23 (1994); *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950).