Not For Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 16-1414

MATTHEW POLLACK, individually and as next friend of B.P.;
JANE QUIRION, individually and as next friend of B.P.,

Plaintiffs, Appellants,

v.

REGIONAL SCHOOL UNIT 75,

Defendant, Appellee,

KELLY ALLEN; TANJI JOHNSTON; PATRICK MOORE; BRADLEY V. SMITH,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE
[Hon. Nancy Torresen, U.S. District Judge]

Before

Torruella, Thompson, and Kayatta,
Circuit Judges.

Richard L. O'Meara, Rachel W. Sears and Murray, Plumb & Murray, on brief for appellants.
Nathaniel A. Bessey, Daniel A. Nuzzi and Brann & Isaacson, on brief for appellee.

October 4, 2016

**Per Curiam**.  Plaintiffs-Appellants Matthew Pollack and Jane Quirion (the "Parents") are the parents of B.P., a seventeen-year-old student at Regional School Unit 75 (the "District") who is diagnosed with autism, cognitive impairment, and a variant of Landau-Kleffner Syndrome, which affects his ability to understand and express language.  B.P. is nonverbal and therefore cannot communicate with his parents about his school day the way a student without his disabilities can.  His education is guided by an Individualized Education Plan ("IEP") pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-50, et seq. ("IDEA").

In 2012, after an incident in which B.P. was uncharacteristically upset when picked up from school, the Parents began requesting that the District allow him to wear an audio recording device to school.  The District denied these requests, citing the District's policy against the use of electronic devices and concerns about the potential effect on the education environment.  These requests for the use of a recording device are at the heart of this appeal.

On September 11, 2012, the Parents filed a due process complaint with the Maine Department of Education.  See 20 U.S.C. § 1415(f).  The complaint alleged that, by refusing to allow B.P. to wear a recording device, the District had failed to make a

reasonable accommodation under Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131-34 ("ADA") and thereby impaired the Parents' ability to obtain information about B.P.'s school day and his education. A Special Education Due Process Hearing was held over the course of three days and on December 29, 2012, the hearing officer denied the request that B.P. be permitted to wear a recording device. The hearing officer appears to have viewed the claim as limited to whether the Parents were sufficiently informed so that they could meaningfully participate in B.P.'s development and education, and noted that B.P.'s educational plan, as embodied in his IEP, was not challenged.

The Parents then filed suit in the district court on March 27, 2013. In addition to claims not relevant to this appeal, they asserted claims for review of the hearing officer's decision and for violations of the ADA, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504"), and the First Amendment, all in relation to the District's refusal to allow B.P. to wear the recording device. On January 27, 2016, the district court granted summary judgment for the District on the ADA, Section 504, and First Amendment claims relating to the recording device prohibition, on the grounds that the Parents had failed to exhaust the IDEA administrative process as required by 20 U.S.C. § 1415(l). Viewing the Special Education Due Process Hearing as limited only

to claims involving the Parents' rights to participate in B.P.'s education, the district court held that the Parents had failed to exhaust the IDEA process as to B.P.'s own substantive rights. Because the ADA, Section 504, and First Amendment claims alleged violations of rights personal to B.P., the district court held that the earlier Special Education Due Process Hearing was insufficient to exhaust under 20 U.S.C. § 1415(l). The Parents appealed, challenging the ruling as error.

On September 12, 2016, the District filed a Rule 28(j) letter notifying this court of developments that occurred during the pendency of this appeal. Shortly before the district court's January 27, 2016 order, the Parents filed a new due process complaint with the Maine Department of Education, contending that the District's refusal to allow the recording device deprived B.P. of a free appropriate public education as required by the IDEA. Another Special Education Due Process Hearing occurred and, on June 2, 2016, that claim was denied by a hearing officer.

This court ordered the parties to comment on that decision's effect on the pending appeal. In their responses, both parties agreed that the Parents have satisfied the exhaustion requirement as articulated by the district court, and that the question whether the second due process hearing was necessary is now moot. This court agrees, and this appeal is therefore moot.

However, this does not render the entire case moot -- the Parents still seek a determination on the merits of the ADA, Section 504, and First Amendment claims.  The District urges us to dismiss the appeal and leave the judgment below intact.  The Parents, on the other hand, argue that we should dismiss the appeal, vacate the summary judgment order, and remand to the district court for consideration on the merits.

When an appeal becomes moot, the decision of whether to vacate a trial court order "rests in the equitable discretion of this court."  Kerkhof v. MCI Worldcom, Inc., 282 F.3d 44, 53 (1st Cir. 2002) (citing U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 25 (1994)).  "A primary concern is whether the appellant deliberately mooted the appeal," such as through settlement or withdrawal of the appeal.  Id. at 53-54.  When faced with a situation nearly identical to the one before us, the Sixth Circuit granted vacatur and remanded for consideration of the merits.  See S.S. v. E. Ky. Univ., 125 F. App'x 644, 645-46 (6th Cir. 2005) (unpublished decision) (vacating and remanding for consideration of the merits where plaintiff satisfied IDEA exhaustion during pendency of appeal).

We believe that approach is the most equitable.  Unlike instances in which an appellant settles an entire case and "thereby surrender[s] his claim to the equitable remedy of vacatur," U.S.

Bancorp Mortg. Co., 513 U.S. at 25, the Parents merely took the actions necessary to clear the procedural hurdle of exhaustion in accordance with the district court's order. The Parents have already undergone lengthy litigation in both administrative and federal forums to achieve resolution of their claims; the only bar remaining to a determination of the merits of these claims was this issue of exhaustion. Now that they have undoubtedly exhausted the process required by the IDEA, it would be inequitable to leave the summary judgment order standing and have these claims dismissed without ever reaching their merits.

Accordingly, we dismiss the appeal as moot, vacate the portion of the district court's order granting summary judgment for the District on the ADA, Section 504, and First Amendment claims relating to B.P.'s right to wear a recording device at school, and remand for determination of the merits of those claims. Each side to bear its own costs.

**<u>Vacated and Remanded</u>.**